IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| JOSHUA THOMAS MILLER, #2120015 | § | |
| VS. | § | CIVIL ACTION NO. 6:21cv020 |
| MARIA PONCE, ET AL. | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Joshua Miller, a prisoner confined at the Ellis Unit within the Texas Department of Criminal Justice (TDCJ) proceeding *pro se*, filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983 alleging purported violations of his constitutional rights. The case was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

The Court ordered Miller to amend his complaint after several of his unrelated claims were severed into separate cases, 6:22cv052 and 6:22cv053, respectively, (Dkt. #47). The order included a warning that the failure to file an amended complaint may result in the dismissal of his lawsuit. To date, however, Plaintiff has not filed an amended complaint as ordered—and, after a significant lapse of time, has not communicated with this Court.

A district court may dismiss an action for the failure of a litigant to prosecute or to comply with any order of the court. Fed. R. Civ. P. 41(b); *see also McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) ("The court possesses the inherent authority to dismiss the action *sua sponte*, without motion by a defendant."). The district court has both specific and inherent power to control its own docket "to control the disposition of the causes on its docket with economy of

time." *See U.S. v Colomb*, 419 F.3d 292, 299 (5th Cir. 2005); *see also Miller v. Thaler*, 434 F. App'x 420, 421 (5th Cir. 2011) (unpublished).

Here, Plaintiff Miller failed to file an amended complaint as previously ordered. His failure to do so—coupled with his failure to communicate with the Court—over such a significant lapse of time evince his failure to prosecute his own lawsuit. *See, e.g.*, *Callier v. Cain*, 2012 WL 2602958, at *1 n.1 (W.D. La. June 6, 2012) ("Indeed, the evidence suggests that he no longer wishes to pursue this matter since he has not contacted the court since he submitted his *in forma pauperis* application on January 25, 2012, some four months ago."). Moreover, the dockets reflect that Plaintiff's other severed cases, 6:22cv052, and 6:22cv053, have been similarly dismissed for Miller's failure to comply and failure to prosecute.

Plaintiff's failure to both comply with an order of the Court and to prosecute this case are not actions that threaten the judicial process—thereby rendering a dismissal with prejudice unwarranted. Therefore, upon consideration of all relevant factors, the Court has determined that the interests of justice are best served by a dismissal of this case without prejudice.

In accordance with *Campbell v. Wilkinson*, the Court further recommends suspending the statute of limitations in this case for a period of 60 days from date of final judgment. 988 F.3d 798, 801 n.1 (5th Cir. 2021) (explaining that "[w]here further litigation of [a] claim will be time-barred, a dismissal without prejudice is no less severe a sanction than a dismissal with prejudice, and the same standard of review is used.'").

## RECOMMENDATION

Accordingly, it is recommended that the above-styled action be dismissed, without prejudice, for Plaintiff's failure to comply with an order of the Court and to prosecute his case.

The Court further recommends that the statute of limitations be suspended for a period of 60 days from the date of final judgment.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

So ORDERED and SIGNED this 15th day of March, 2023.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE